IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

POWERLINE SAND, INC., a Florida Corporation,

    Plaintiff,

v.

Case No. 3:02-CV-907-J-16TEM

HORNBLOWER MARINE SERVICES, INC., a California corporation,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF HORNBLOWER MARINE SERVICES, INC.

COMES NOW Defendant Hornblower Marine Services, Inc. ("Hornblower"), by and through its undersigned counsel, pursuant to Rule 12, F. R. Civ. P., and files this its Answer to the Complaint filed herein on behalf of Plaintiff Powerline Sand, Inc. ("Powerline Sand") as follows:

(1) Hornblower admits the allegations of Paragraph 1 of the Complaint for jurisdictional purposes only. Hornblower otherwise denies the allegations of Paragraph 1 of the Complaint.

(2) Hornblower is without knowledge of the facts alleged in Paragraph 2 of the Complaint and therefore denies same and demands strict proof thereof.

(3) Hornblower admits the allegations of Paragraph 3 of the Complaint.

(4) Hornblower is without knowledge of the facts alleged in Paragraph 4 of the Complaint and therefore denies same and demands strict proof thereof.

(5) Hornblower is without knowledge of the facts alleged in Paragraph 5 of the Complaint and therefore denies same and demands strict proof thereof.

(6) Hornblower is without knowledge of the facts alleged in Paragraph 6 of the Complaint and therefore denies same and demands strict proof thereof.

(7) Hornblower admits the allegations of Paragraph 7 of the Complaint.

(8) Hornblower denies the allegations of Paragraphs 8(a) and (b) of the Complaint and demands strict proof thereof.

(9) Hornblower denies the allegations of Paragraph 9 of the Complaint and demands strict proof thereof.

(10) Hornblower admits that between three and four dump trucks operated by Powerline Sand were permitted passage aboard the St. Johns River ferry on or about June 15, 2001. Defendant otherwise denies the allegations of Paragraph 10 of the Complaint and demands strict proof thereof.

(11) Hornblower denies the allegations of Paragraph 11 of the Complaint as stated and demands strict proof thereof.

(12) Hornblower denies the allegations of Paragraph 12 of the Complaint and states that the June 21, 2001 letter from Stephen Mort speaks for itself.

(13) Hornblower denies the allegations of Paragraph 13 of the Complaint and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

To the extent that the evidence in this case reveals that Powerline Sand failed to mitigate its damages, any damages awardable to Powerline Sand should be reduced accordingly.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the evidence introduced in this case proves that Powerline Sand failed to confirm that the St. Johns River ferry could safely carry the dump trucks owned and operated by Powerline Sand prior to Powerline Sand submitting its bid for the contracts with each of Atlantic Marine, Inc. and Eby Construction Company, Powerline Sand should be deemed to have assumed the risk that Powerline Sand's dump trucks would be permitted passage over the St. Johns River ferry.

## THIRD AFFIRMATIVE DEFENSE

The representations attributed to Hornblower by Powerline Sand which were allegedly relied upon by Powerline Sand in deciding to contract with Atlantic Marine and Eby Construction Company were so indefinite as to render any reliance thereon by Powerline Sand unreasonable as a matter of law.

## FOURTH AFFIMATIVE DEFENSE

Performance by Hornblower of the alleged representations relied upon by Powerline Sand in support of this cause of action was rendered impossible due to the illegality of performance of such alleged representations by Hornblower.

## FIFTH AFFIRMATIVE DEFENSE

During the conversations between Powerline Sand and Hornblower at which the alleged representations which serve as the basis for this cause of action were made, Powerline Sand failed to disclose all materials facts pertaining to the size, weight and/or the number of dump trucks to allow Hornblower to make a fully informed decision with respect to the decision of whether such dump trucks would be allowed passage over the St. Johns River ferry.

Accordingly, Powerline Sand should be estopped from pursuing this cause of action against Hornblower for recovery based upon such alleged representations.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the evidence in this case shows that Hornblower's office manager made any representations to representatives of Powerline Sand that Powerline Sand's dump trucks would be permitted passage aboard the St. Johns River ferry, such person was not vested with the actual or apparent authority to make any such representations binding on Hornblower so as to render Powerline Sand's reliance thereon unreasonable as a matter of law.

Respectfully submitted,

*Eric L. Hearn*

Robert B. Parrish
Florida Bar No. 268739
Eric L. Hearn
Florida Bar No. 0094269
Moseley, Warren, Prichard & Parrish, P.A.
501 W. Bay Street
Jacksonville, Florida 32202
Phone: (904) 356-1306
Fax:   (904) 354-0194

Counsel for Defendant Hornblower Marine Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on John A. Tucker, Esq., Foley & Lardner, 200 Laura Street, Post Office Box 240, Jacksonville, Florida 32201-0240 by first class U.S. Mail this __10__ day of October, 2002.

_____
Eric L. Hearn, Attorney